## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Mountain Marketing Group, LLC, and John A. Krueger d/b/a Krueger Law Firm,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>Heimerl & Lammers, LLC,<br><br>　　　　Defendant. | Case No. 14-cv-846 (SRN/BRT)<br><br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

David P. Jendrzejek, Glen E. Schumann, and Timothy R. Franzen, Moss & Barnett, P.A., 150 South Fifth Street, Suite 1200, Minneapolis, MN 55402, for Plaintiffs.

James F. Boyle, Boyle Fredrickson, SC, 840 North Plankinton Avenue, Milwaukee, WI 53203; and Michael Lammers, Heimerl & Lammers, LLC, 901 North Third Street, Minneapolis, MN 55401, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

## I.　INTRODUCTION

This matter is before the Court on Defendant's Objections [Doc. No. 64] to U.S. Magistrate Judge Becky R. Thorson's April 9, 2015 Order denying Defendant's Motion for Leave to File an Amended Answer.  For the reasons stated below, the Court affirms the Magistrate Judge's Order.

## II.　BACKGROUND

### A.　The Pretrial Proceedings and the Scheduling Orders

Plaintiffs filed their Complaint in this matter in January 2014 in the U.S. District Court for the Western District of Wisconsin, asserting claims for trademark infringement

and unfair competition.  (See Compl. [Doc. No. 1] ¶¶ 28–68.)  The case was transferred to

this Court on March 27, 2014, and Defendant filed an Answer on April 11, 2014 that stated

three affirmative defenses.  (See Answer [Doc. No. 29] at 7.)  A pretrial conference was

held on May 27, 2014, and the minutes from that conference (which were filed the same

day) provided a deadline of July 1, 2014 for filing a motion to amend the pleadings to add

claims or defenses, and a deadline of November 1 for completion of discovery.  (Court

Minutes dated May 27, 2014 [Doc. No. 34] at 2.)  The Scheduling Order issued on June 11

contained these same deadlines.  (Scheduling Order dated June 10, 2014 [Doc. No. 35] at 1.)

On October 22, 2014 and January 19, 2015, the parties filed stipulations seeking to

extend the discovery deadline to February 1, 2015 and March 31, 2015, respectively, stating

that the modifications "would not have any effect on any other deadlines of the

Scheduling Order."  (Stip. to Amend Scheduling Order dated Oct. 22, 2014 [Doc. No. 44]

at 1; Stip. to Amend Scheduling Order dated Jan. 19, 2015 [Doc. No. 46] at 1–2.)  Both

stipulations were approved—the latter after a January 27 telephone conference.  (Order

Amending Scheduling Order dated Oct. 24, 2014 [Doc. No. 45]; Second Amended

Scheduling Order dated Jan. 28, 2015 [Doc. No. 49].)  Meanwhile, on January 8, 2015,

Defendant took the depositions of two of Plaintiff Mountain Marketing Group's principals.

(Def.'s Mem. of Law in Supp. of Mot. for Leave to File an Amended Answer [Doc. No. 54]

("Def.'s Mem.") at 2.)

## B.    Defendant's Motion and the Magistrate Judge's Order

On February 24, 2015, Defendant moved pursuant to Rule 15(a)(2) of the Federal

Rules of Civil Procedure for leave to file an amended answer for purposes of asserting

affirmative defenses and counterclaims for cancelation of Plaintiff Mountain Marketing

Group's trademarks.  (Def.'s Mot. for Leave to File an Amended Answer [Doc. No. 52]

at 1.)  According to Defendant, it first became aware of facts that would support a

defense of abandonment due to nonuse or naked licensing during the January 8

depositions of Plaintiff Mountain Marketing Group's principals.  (Def.'s Mem. at 2.)

Defendant argued that leave to amend its Answer to assert those affirmative defenses

should be granted under Rule 15(a)(2) because the Scheduling Order would not be

"substantially disrupt[ed]," Defendant did not anticipate needing any additional discovery

on the issue of abandonment, and Defendant was willing to grant Plaintiffs any extension

necessary to accommodate the change.  (Id. at 4.)  In opposition, Plaintiffs argued that a

motion for leave to amend should be denied if the amendment would be futile, and that

the amendment requested by Defendant would be futile because neither of the claims that

Defendant seeks to add to its Answer could withstand a motion to dismiss for failure to

state a claim.  (See Pls.' Mem. of Law Opposing Def.'s Mot. for Leave to File an

Amended Answer [Doc. No. 58] at 2–8.)

Defendant's Motion was heard on April 6 [Doc. No. 62], and the Magistrate Judge

issued her Order denying that Motion on April 9.  The Magistrate Judge determined that,

because Defendant did not file its Motion until eight months after the July 1, 2014

deadline for doing so had expired, Rule 15(a) was no longer applicable.  (Order and

Mem. dated Apr. 9, 2015 [Doc. No. 63] ("Apr. 9 Order") at 5.)  Instead, she applied Rule

16(b)(4) and found that Defendant had not demonstrated the requisite good cause for

modifying the Scheduling Order because Defendant had not demonstrated that it had

been diligent in pursuing its defenses.  (Id. at 5–8.)  In particular, the Magistrate Judge

found that Defendant had not shown that the deposition testimony was the only means by

which Defendant could have learned of the factual basis of its new affirmative defenses,

and that Defendant had neglected to inform the Court of its need to amend the

amendment-of-pleadings deadline even during the telephone conference that was held

within weeks after the depositions.  (Id. at 7.)  The Magistrate Judge also noted that,

although prejudice to the nonmoving party generally is not considered under Rule

16(b)(4), Plaintiffs' need to re-open fact discovery to explore these new defenses

constitutes sufficient prejudice to warrant denial of Defendant's Motion.  (Id. at 8 & n.3.)

Finally, the Magistrate Judge discussed the importance of a scheduling order and pointed

out that the Scheduling Order in this case has already been amended twice.  (Id. at 8–9.)

## III.   DISCUSSION

### A.   Standard of Review

"The standard of review applicable to an appeal of a magistrate judge's order on a

nondispositive issue is extremely deferential."  Reko v. Creative Promotions, Inc., 70 F.

Supp. 2d 1005, 1007 (D. Minn. 1999).  The Court must affirm the order unless it is

"clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); accord D. Minn. LR

72.2(a)(3).  "A finding is 'clearly erroneous' when although there is evidence to support

it, the reviewing court on the entire record is left with the definite and firm conviction

that a mistake has been committed."  United States v. U.S. Gypsum Co., 333 U.S. 364,

395 (1948).  If the magistrate judge's account of the evidence is plausible in light of the

record viewed in its entirety, the reviewing court may not reverse it even though had it

4

been sitting as the trier of fact, it would have weighed the evidence differently.  Anderson

v. Bessemer City, 470 U.S. 564, 573–74 (1985).

### B.    Defendant's Objections

Defendant objects both to the Magistrate Judge's imposition of Rule 16(b)(4)'s

"good cause" standard, as well as her finding that Defendant did not demonstrate good

cause for amending the Scheduling Order.  (See Def.'s Objs. to Mag. J.'s Order [Doc.

No. 64] ("Def.'s Objs.") at 6–12.)  These objections fail.

### 1.    Legal Standard

First, the Magistrate Judge correctly determined that Rule 16(b)(4)'s good cause

standard applies in this situation.  Federal Rule of Civil Procedure 15(a) governs the pre-

trial amendment of pleadings and provides that "[t]he court should freely give leave when

justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, pursuant to Rule 16(b)(4), when

a motion for leave to amend is made after the deadline for bringing such motions has

passed, the moving party must demonstrate "good cause."  Fed. R. Civ. P. 16(b)(4); see

Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008) ("When a party

seeks to amend a pleading after the scheduling deadline for doing so, the application of

Rule 16(b)'s good-cause standard is not optional.").  In such situations, the more liberal

standard of Rule 15(a) no longer applies.  Sherman, 532 F.3d at 716 (citation omitted).

### 2.    Lack of good cause

Second, Defendant has not demonstrated that the Magistrate Judge's finding of a

lack of good cause is clearly erroneous.  The Eighth Circuit has explained that:

> The primary measure of good cause is the movant's diligence in attempting to meet the [scheduling] order's requirements. While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, we will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines. Our cases reviewing Rule 16(b) rulings focus in the first instance (and usually solely) on the diligence of the party who sought modification of the order.

Id. at 716–17 (internal citations and quotation marks omitted). Accordingly, "[w]here there has been 'no change in the law, no newly discovered facts, or any other changed circumstances . . . after the scheduling deadline for amending pleadings,' then [the court] may conclude that the moving party has failed to show good cause." Hartis v. Chi. Title Ins. Co., 694 F.3d 935, 948 (8th Cir. 2012) (quoting Sherman, 532 F.3d at 718).

Here, Defendant argues that: (1) the Magistrate Judge's statement that there is no evidence that Defendant investigated its affirmative defenses prior to the July 1 deadline "imposed retroactively a burden that is impossible to meet" because there were only three weeks between issuance of the June 11 Scheduling Order and the July 1 deadline, (Def.'s Objs. at 2, 6); (2) Defendant has acted diligently in complying with the Scheduling Order, as evidenced by its timely completion of written discovery and depositions, and it could not have asserted the abandonment defenses in good faith prior to completing the depositions, (id. at 7–9); and (3) if Defendant is not allowed to amend its Answer, Plaintiffs will be able to pursue claims based on false allegations and deceptive trade practices not known to Defendant at the beginning of the case, (id. at 10–12).

Defendant's objections do not demonstrate that the Magistrate Judge's decision was clearly erroneous. First, Defendant makes no effort to demonstrate its diligence in attempting to meet the Scheduling Order's July 1 deadline, as required under Rule

6

16(b)(4), and that failure—alone—provides sufficient grounds for affirming the

Magistrate Judge's Order.  Instead, Defendant argues that the Magistrate Judge's ruling

imposed an "impossible" burden because it would have required Defendant to uncover

the necessary facts in only three weeks in order to comply with the July 1 deadline.[1]

(Def.'s Objs. at 6.)  Contrary to Defendant's contentions, however, the Magistrate Judge

analyzed Defendant's diligence both pre- and post-July 1:

> Defendant acknowledged at the hearing that the abandonment defenses that
> it seeks to add are standard defenses to be investigated in a trademark
> infringement case.  This begs the question, what did Defendant do either
> prior to the motion to amend deadline or soon thereafter to determine
> whether there was a basis for these defenses in this case?  There is no
> evidence in the record that Defendant did anything to investigate these
> defenses prior to the deadline passing.  And although Defendant referenced
> at the hearing that some of its written discovery (which, for the most part
> took place between June and November 2014) related to Plaintiffs' use of
> the trademarks, there is no evidence of record that Defendant sought
> discovery aimed directly at the abandonment defenses it now wants to add.
> Further, Defendant concedes that the license agreements that now form the
> basis for the proposed naked license counterclaim were produced to
> Defendant in November 2014.  Yet no follow up discovery was pursued on
> the issue of naked license until the January 8, 2015 depositions.  This Court
> concludes that Defendant made only minimal efforts to determine whether
> the abandonment defenses should be pleaded in this case.

(Apr. 9 Order at 7.)

Second, Defendant makes only conclusory statements that it could not have

learned of the basis for its abandonment defenses until the January 8 depositions and

provides no explanation as to why that information was not available earlier, through

other means.  Aviva Sports, Inc. v. Fingerhut Direct Mktg., Inc., Civ. No. 09-1091

---

[1]     There were approximately five weeks between imposition of the deadline at the
May 27, 2014 Pretrial Conference and the passing of the deadline on July 1.

(JNE/JSM), 2010 WL 4193076, at *6 (D. Minn. Oct. 7, 2010) ("[A] party does not meet the good cause standard under Rule 16(b) if the relevant information on which it based the amended claim was available to it earlier in the litigation.").  However, even assuming that the timely-taken depositions were the only means by which Defendant could have learned of those facts, Defendant's only explanation for why it waited over seven weeks after completing those depositions to file the present Motion, and why it did not raise the issue with the Court during the January 27 telephone conference, was that the parties were engaging in the required meet-and-confer process.  Given that Defendant was already over six months past the deadline for seeking leave to amend, it was not clearly erroneous for the Magistrate Judge to find that Defendant's failure to raise the issue sooner with the Court demonstrated a lack of diligence.

Finally, Defendant's assertions about the viability of Plaintiffs' claims is not part of the Rule 16(b) good cause analysis and is not a basis for reversing the Magistrate Judge's ruling.  Because the Magistrate Judge's account of the evidence is plausible in light of the record, this Court may not reverse her ruling even if this Court may have reached a different outcome.  Accordingly, Defendant's Motion for Leave to File an Amended Answer is denied.

## IV.   ORDER

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Objections [Doc. No. 64] to the Magistrate Judge's April 9, 2015 Order are **OVERRULED**;

2.  The Court **AFFIRMS** the Magistrate Judge's April 9, 2015 Order [Doc. No. 63]; and

3.  Defendant's Motion for Leave to File an Amended Answer [Doc. No. 52] is **DENIED**.


Dated:  April 29, 2015                              s/Susan Richard Nelson
                                                    SUSAN RICHARD NELSON
                                                    United States District Judge