# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Mountain Marketing Group, LLC, and John A. Krueger d/b/a Krueger Law Firm,<br><br>Plaintiffs,<br><br>v.<br><br>Heimerl & Lammers, LLC,<br><br>Defendant. | Case No. 14-cv-846 (SRN/BRT)<br><br><br>**MEMORANDUM OPINION AND ORDER** |

David P. Jendrzejek, Glen E. Schumann, and Timothy R. Franzen, Moss & Barnett, P.A., 150 South Fifth Street, Suite 1200, Minneapolis, MN 55402, for Plaintiffs.

James F. Boyle, Boyle Fredrickson, SC, 840 North Plankinton Avenue, Milwaukee, WI 53203; and Michael Lammers, Heimerl & Lammers, LLC, 901 North Third Street, Minneapolis, MN 55401, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

## I.      INTRODUCTION

This matter is before the Court on Plaintiffs' Objections [Doc. No. 88] to U.S. Magistrate Judge Becky R. Thorson's May 19, 2015 Order granting in part and denying in part Plaintiffs' Motion to Compel Defendant to Produce Documents, and requiring Plaintiffs to disclose only two experts. For the reasons stated below, the Court affirms the Magistrate Judge's Order.

1

## II.     BACKGROUND

### A.     The Pretrial Proceedings and the Scheduling Orders

This trademark infringement and unfair competition lawsuit arises out of Defendant's allegedly unlawful use of a toll-free alphanumeric telephone number and URL in connection with its legal services that Plaintiffs claim is confusingly similar to their service mark for legal services.  (See Compl. [Doc. No. 1] ¶¶ 3–5, 20–23.)  Relevant to the present discovery dispute, Plaintiffs and Defendant submitted a Joint 26(f) Report stating that each side anticipated calling two expert witnesses at trial in this case.  (Report of 26(f) Planning Meeting dated May 20, 2015 [Doc. No. 33] at 3.)  Magistrate Judge Franklin Noel, who was then assigned to the case, thereafter issued the initial Scheduling Order, which provided that "[e]ach party may depose no more than 2 expert witnesses on or before March 1, 2015."  (Scheduling Order dated June 10, 2014 [Doc. No. 35] at 2.)  The parties later filed two stipulations seeking to extend the discovery deadline, and amended scheduling orders were issued—the second of which was issued by Magistrate Judge Thorson after the case was reassigned to her.  (Order Amending Scheduling Order dated Oct. 24, 2014 [Doc. No. 45]; Second Am. Scheduling Order dated Jan. 28, 2015 [Doc. No. 49].)  On April 27, 2015, the parties filed another stipulation, this time seeking to extend the discovery deadline with regard to "completing expert disclosures and reports so as to not interfere with the dispositive motion deadline and trial ready date."  (Stip. to Amend Scheduling Order dated Apr. 27, 2015 [Doc. No. 65] at 1.)  The parties stated that they "[did] not seek any other changes to the Scheduling Order."  (Id.)  A Third Amended

Scheduling Order was issued on April 29, 2015.  (Third Am. Scheduling Order dated Apr. 29, 2015 [Doc. No. 66].)

B.     **Plaintiffs' Motion and the Magistrate Judge's Order**

On May 4, 2015, Plaintiffs moved pursuant to Rule 37(a)(3)(b) of the Federal Rules of Civil Procedure to compel Defendant Heimerl & Lammers to produce documents in response to document requests relating to Defendant's client files.  (See Mem. in Supp. of Mot. to Compel dated May 4, 2015 [Doc. No. 70] at 1.)  Among those requests was Document Request No. 5 (Third Request for Documents) ("Request No. 5"), in which Plaintiffs sought:

> For each matter for which Defendant was contacted, in whole or in part, through the 612-INJURED telephone number or the URL www.612injured.com for both completed and pending matters, sufficient portions of Defendant's case files to identify the nature of the matter, the nature and extent of the injury and actual or potential damages or recovery amounts.

(Id. at 3.)  Also at issue was Document Request No. 1 (Fourth Request for Documents) ("Request No. 1"), in which Plaintiffs requested "[t]he complete files and records of Defendant relating to each of the clients referred to on Deposition Exhibit 42, including but not limited to Jane Doe 1, Jane Doe 2, Jane Doe 3 and John Doe."  (Id. at 4.)  And, in Document Request No. 2 (Fourth Request for Documents) ("Request No. 2"), Plaintiffs requested "[t]he complete files and records of Defendant relating to all other clients of Defendant who contacted Defendant through, in response to or in connection with any use of the 612-INJURED telephone number or the URL www.612injured.com."  (Id. at 5.)  In response to each of these Requests, Defendant stated that it had already produced

3

relevant and responsive information and that it was precluded by Minnesota Rule of Professional Conduct 1.6 from producing its clients' case files.  (See id. at 3–5.)  Plaintiffs argued that Defendant's objections lack merit because Defendant had not established that all of the documents in the case files constitute communications regarding legal advice, as required to assert the attorney-client privilege.  (Id. at 6–7.)

Plaintiffs' Motion was heard by the Magistrate Judge on May 18, 2015, and she issued a text Order granting the Motion in part and denying it in part on May 19.  (Text-Only Order dated May 19, 2015 [Doc. No. 84].)  The Magistrate Judge determined that Request No. 5 would be granted in part such that Defendant must respond to the following modified request:

> For each matter for which Def. was contacted, in whole or in part, through the 612-INJURED telephone number or the URL www.612injured.com for both completed and pending matters, documents sufficient to identify the nature of the matter, the nature of the injury, and demands made to third parties or from third parties.

(Id.)  The Magistrate Judge held that "Defendant is not required to produce medical records, attorney work product, or attorney-client privileged documents," and that client identifying information must be redacted from the documents that are produced.  (Id.)  The Magistrate Judge denied Plaintiffs' Motion to Compel as to Request Nos. 1 and 2 as "overbroad."  (Id.)  She also stated that both parties are limited to two expert witnesses—as proposed in their Joint 26(f) Report—and stated that "there is no basis for motion practice regarding the Scheduling Order."  (Id.)  Plaintiffs were ordered to identify their two experts by May 21, 2015.  (Id.)

## III. DISCUSSION

### A. Standard of Review

"The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential." Reko v. Creative Promotions, Inc., 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). The Court must affirm the order unless it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); accord D. Minn. LR 72.2(a)(3). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948). If the magistrate judge's account of the evidence is plausible in light of the record viewed in its entirety, the reviewing court may not reverse it even though had it been sitting as the trier of fact, it would have weighed the evidence differently. Anderson v. Bessemer City, 470 U.S. 564, 573–74 (1985).

### B. Plaintiffs' Objections

Plaintiffs object to the Magistrate Judge's denial in part of Request No. 5, denial of Request Nos. 1 and 2, and limitation on expert witnesses. (Pls.' Objs. to Magistrate Judge's 5/20/15 Text-Only Order Granting in Part and Denying in Part Pls.' Mot. to Compel Defs. to Produce Documents dated June 3, 2015 [Doc. No. 88] ("Pls.' Objs.").)

#### 1. Document Request No. 5

In their Objections, Plaintiffs argue that Request No. 5 should not be limited by attorney-client privilege, the work product doctrine, or the supposed speculative nature of damages related to the pending cases that are the subject of the client files. (Id. at 7.)

Plaintiffs state that "[e]ven though Defendant expressly affirmed that it was not objecting to Plaintiffs' document[] requests on attorney client privilege grounds . . . , the Magistrate Judge nonetheless raised the issue herself." (Id.)  Plaintiffs also state that the Magistrate Judge's limitation of Request No. 5 "effectively denied" their request for information necessary to identify damages, (id. at 5), and that the limitation was too broad because "it extended to more than communications," (id. at 7).

In response, Defendant argues that the Minnesota Rules of Professional Conduct require Defendant to keep information about its clients and cases confidential.  (Def.'s Resp. to Pls.' Objs. dated June 18, 2015 [Doc. No. 94] ("Resp.") at 4.)  Further, Defendant states, the Minnesota Rules of Professional Conduct "encompass . . . the attorney-client privilege." (Id. at 3.)  Defendant also questions the relevance of an expert's opinion to the potential value of cases which are still pending, because Plaintiffs cannot assert a claim for damages for fees that have not yet been earned.  (Id. at 4.)

The Court finds that Plaintiffs have not demonstrated that the Magistrate Judge's ruling as to Request No. 5 was clearly erroneous or contrary to law.  The transcript shows that the Magistrate Judge believed that the requested information from the client files fell "completely within the realm of attorney-client privilege or attorney work product." (Tr. of May 18, 2015 Hr'g on Pls.' Mots. to Compel [Doc. No. 93] ("Tr.") 9:16-17.)  While Plaintiffs take issue with application of the attorney-client privilege in this instance, they fail to address application of the attorney work product doctrine.  And, even if Defendant did not expressly assert these two privileges, Defendant did not waive them, either.

Therefore, the Magistrate Judge did not commit clear error by narrowing the Request so that the information produced will not violate those privileges.

Moreover, although Plaintiffs raise the issue of whether the speculative nature of damages is a proper ground to limit discovery, the limitation does not appear to have been implemented on that basis. As the Magistrate Judge stated, "the information that [Defendant] has about valuing a case that hasn't resolved or hasn't been liquidated would be completely within the realm of <u>attorney-client privilege or attorney work product</u>." (Tr. 9:14-17 (emphasis added).) Because Plaintiffs have not demonstrated that the Magistrate Judge's limitation of Request No. 5 was clearly erroneous or contrary to law, Plaintiffs Objections are overruled in this regard.

### 2. Document Request Nos. 1 and 2

Plaintiffs also argue that Request Nos. 1 and 2 are not overbroad because they sought limited, specific discovery, and that Defendant did not argue or prove overbreadth. (Pls.' Objs. at 11.) Defendant, on the other hand, contends that the Magistrate Judge's use of the word "overbroad" is "entirely apt" because "[i]f the plaintiff[s'] requests seek information that cannot be disclosed because it is confidential and/or irrelevant, then the requests are by definition overbroad." (Resp. at 4.)

This Court agrees with Defendant and finds that the Magistrate Judge's denial of Request Nos. 1 and 2 was not clearly erroneous or contrary to law. Although, as Plaintiffs argue, the party opposing discovery bears the burden of demonstrating that a discovery request is overly broad and burdensome, see <u>E.E.O.C. v. Schwan's Home Serv.</u>, 692 F. Supp. 2d 1070, 1087 n.12 (D. Minn. 2010), Defendant's responses to

Request Nos. 1 and 2 state that Defendant has previously produced all relevant client file information and that additional client information cannot be disclosed per Minnesota Rule of Professional Conduct 1.6.  Thus, Defendant essentially stated that the Requests are "overbroad" to the extent that producing any more information would either be redundant or would require Defendant to produce privileged information.

Additionally, it appears that any responsive and relevant, non-privileged client information that has not already been produced by Defendant will be produced in response to Request No. 5.  The Magistrate Judge's Order as to Request No. 5 provides Plaintiffs with Defendant's non-privileged client file information relevant to the 612-INJURED telephone number and URL.  According to Defendant, the clients in Deposition Exhibit 42 (i.e., the subject of Request No. 1) contacted Defendant through either the allegedly infringing telephone number or URL, (see Pls.' Objs. at 3); thus, the non-privileged information that Plaintiffs are entitled to in relation to these clients will be included in Defendant's response to Request No. 5.  Likewise, any responsive and relevant, non-privileged information relating to all other clients who Defendant acquired through the allegedly infringing telephone number or website (i.e., the subject of Request No. 2) will be provided in Defendant's production pursuant to Request No. 5.  Accordingly, the requests for further information in Request Nos. 1 and 2 are overbroad, and the Magistrate Judge's denial of those Requests was not clearly erroneous or contrary to law.

### 3. Expert Witnesses

Finally, Plaintiffs contend that the Magistrate Judge's Order improperly limits the number of experts to two because the initial Scheduling Order simply provided that each party may "depose" no more than two experts. (Pls.' Objs. at 12.) Additionally, Plaintiffs state that motion practice regarding the number of expert witnesses should be allowed because it was encouraged at the May 18, 2015 proceedings, and that the time allowed by the Magistrate Judge to disclose the identity of their expert witnesses was "patently unfair" because the disclosure had to be completed before Plaintiffs were to receive the documents ordered to be produced by Defendant. (Id. at 13–14.)

The Magistrate Judge's ruling was not clearly erroneous or contrary to law. Plaintiffs and Defendant stated their intent in the Joint 26(f) Report to call two expert witnesses, and the original Scheduling Order stated that "[e]ach party may depose no more than 2 expert witnesses." Although Plaintiffs contend that Magistrate Judge Noel's Scheduling Order cannot be interpreted to mean that the parties also are limited to <u>disclosing</u> only two expert witnesses, Magistrate Judge Thorson's interpretation to that effect is reasonable given the parties' proposal in the Joint 26(f) Report and Plaintiffs' affirmation as recently as April 27 that they did not seek any other changes to the Scheduling Order.

In addition, the Magistrate Judge acted within her discretion in disallowing motion practice regarding the Scheduling Order. While she may have stated at the hearing that she would not address the expert witness issue except by motion, (see Tr. 25:10-11), she apparently changed her mind after further reflection. And, "[w]here a magistrate judge

9

has carefully examined the proposed discovery, the Court will defer to the magistrate judge's 'broad discretion . . . to manage and define appropriate discovery.'" <u>Shukh v. Seagate Tech., LLC.</u>, 295 F.R.D. 228, 238 (D. Minn. 2013) (citation omitted).

Finally, Plaintiffs do not cite any legal authority in support of their position that the time allowed to identify their experts was unfair. Similarly, although Plaintiffs state that more time is needed to review the information provided by Defendant before deciding which of their experts to choose, Plaintiffs have not indicated why that information is necessary. Plaintiffs' general statements are insufficient to support their Objections. For these reasons, the Court finds that the Magistrate Judge's limitation on the number of expert witnesses and imposition of the May 21 disclosure deadline were not clearly erroneous or contrary to law.

## IV. ORDER

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Objections [Doc. No. 88] to the Magistrate Judge's May 19, 2015 Order are **OVERRULED**; and

2. The Court **AFFIRMS** the Magistrate Judge's May 19, 2015 Order [Doc. No. 84].

Dated: July 27, 2015          s/Susan Richard Nelson
                                             SUSAN RICHARD NELSON
                                             United States District Judge