# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Mountain Marketing Group, LLC, and John A. Krueger d/b/a Krueger Law Firm,<br><br>Plaintiffs,<br><br>v.<br><br>Heimerl & Lammers, LLC,<br><br>Defendant. | Case No. 14-cv-846 (SRN/BRT)<br><br><br><br>**MEMORANDUM OPINION AND ORDER** |

David P. Jendrzejek, Glen E. Schumann, and Taylor D. Sztainer, Moss & Barnett, P.A., 150 South Fifth Street, Suite 1200, Minneapolis, MN 55402, for Plaintiffs.

J. Ashwin Madia, Cody Blades, and Joshua Newville, Madia Law LLC, 345 Union Plaza, 333 Washington Ave. N., Minneapolis, MN 55401, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiffs Mountain Marketing Group, LLC's and John A. Krueger's request that the time in which Plaintiffs may appeal be tolled until the Court rules on Defendant Heimerl & Lammers, LLC's motion for attorney's fees. For the reasons set forth below, Plaintiffs' request is denied.

Following a jury trial in which the jury returned a verdict in favor of Defendant, (see Judgment [Doc. No. 220]), Defendant moved for attorney's fees, (see Defendant's Mot. for Attorney Fees [Doc. No. 222].) Shortly thereafter, Plaintiffs filed a request with the Court via email asking that the appeal time be tolled until the Court rules on Defendant's motion for attorney's fees. Plaintiffs argue that such a delay will "facilitate an orderly and complete

1

appeal, should one be taken . . . ."

> Federal Rule of Civil Procedure 58(e) reads:
>
> Ordinarily, the entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees. But if a timely motion for attorney's fees is made under Rule 54(d)(2), the court may act before a notice of appeal has been filed and become effective to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59.

Thus, at the district court's discretion, the time in which an appeal may be taken can be tolled until after the court rules on a motion for attorney's fees. See Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Engineers & Participating Employers, 134 S. Ct. 773, 781 (2014); Fed. R. Civ. P. 58(e), Advisory Committee Notes to the 1993 Amendment ("This revision permits, but does not require, the court to delay the finality of the judgment for appellate purposes under revised Fed. R. App. P. 4(a) until the fee dispute is decided.").

The general practice is to treat a motion for attorney's fees as collateral when deciding the finality of judgment and the running of time for an appeal. Ray Haluch Gravel, 134 S. Ct. at 781; see Fed. R. Civ. P. 58(e), Advisory Committee Notes to the 1993 Amendment ("Ordinarily the pendency or post-judgment filing of a claim for attorney's fees will not affect the time for appeal from the underlying judgment.") Delaying the time for an appeal may be appropriate where it would be more efficient to decide the attorney's fees issue so that it can be considered along with an appeal of the merits of the case, avoiding piecemeal appeals. See Ray Haluch Gravel, 134 S. Ct. at 781; Fed. R. Civ. P. 58(e), Advisory Committee Notes to the 1993 Amendment. However, "if the claim for fees

involves substantial issues or is likely to be affected by the appellate decision, the district court may prefer to defer consideration of the claim for fees until after the appeal is resolved." Fed. R. Civ. P. 58(e), Advisory Committee Notes to the 1993 Amendment.

The Court finds that the circumstances here do not warrant a delay in the time for an appeal pursuant to Rule 58(e).  The circumstances that would justify a delay are not present in this case.  Furthermore, the Court believes the risk of a piecemeal appeal is limited.  The Court will not deviate from the ordinary running of the time in which an appeal may be taken without a compelling reason to do so.

**ORDER**

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' request that the Court toll the time in which an appeal may be taken pursuant to Fed. R. Civ. P. 58(e) is **DENIED**.  The time in which any party may appeal shall proceed according to the Federal Rules of Civil Procedure and Federal Rules of Appellate Procedure.

Dated:  January 14, 2016               s/ Susan Richard Nelson
                                       SUSAN RICHARD NELSON
                                       United States District Judge