UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Mountain Marketing Group, LLC, and John A. Krueger d/b/a Krueger Law Firm,<br><br>Plaintiffs,<br><br>v.<br><br>Heimerl & Lammers, LLC,<br><br>Defendant. | Case No. 14-cv-846 (SRN/BRT)<br><br><br>**MEMORANDUM OPINION AND ORDER** |

David P. Jendrzejek, Glen E. Schumann, and Taylor D. Sztainer, Moss & Barnett, P.A., 150 South Fifth Street, Suite 1200, Minneapolis, MN 55402, for Plaintiffs.

J. Ashwin Madia, Cody Blades, and Joshua Newville, Madia Law LLC, 345 Union Plaza, 333 Washington Ave. N., Minneapolis, MN 55401, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant Heimerl & Lammers, LLC's Bill of Costs [Doc. No. 228] and Plaintiffs Mountain Marketing Group, LLC's and John A. Krueger's Objections to that Bill of Costs ("Objs.") [Doc. No. 231]. For the reasons set forth below, Plaintiffs' objections are sustained in part.

After receiving a jury verdict in its favor and judgment being entered accordingly, Defendant filed a claim for $23,278.27 in costs. (See Bill of Costs.) Plaintiffs objected to the Bill of Costs alleging that the vast majority of the costs were not permissible pursuant to 28 U.S.C. § 1920, applicable case law, and the District of Minnesota Clerk of Court's Bill

1

of Costs Guide ("Bill of Costs Guide").[1]  (See Objs.)

The prevailing party in a case is entitled to its costs, other than attorney's fees or costs prohibited by the rules or statute.  Fed. R. Civ. P. 54(d)(1).  A judge or clerk of court may tax costs falling into one or more of the following categories:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  Costs outside these categories (e.g., postage, Federal Express mailings, travel, meals, lodging, private process service fees) are generally not taxed.  See Nelson v. Metro. Life Ins. Co., No. 07-cv-2326 (ADM/JSM), 2010 WL 153040, at *13 (D. Minn. Jan. 11, 2010) (collecting cases); Crues v. KFC Corp., 768 F.2d 230, 234 (8th Cir. 1985). However, a court may tax costs beyond those explicitly allowed in § 1920 "in the discretion of the district court, where [the costs] enjoy some other statutory authorization."  Veliz v. City of Minneapolis, No. 07-cv-2376 (RHK/JJK), 2009 WL 483854, at *2 (D. Minn. Feb. 25, 2009).

Defendant's Bill of Costs suffers from two problems: (1) it claims some costs which

---

[1] The Bill of Cost Guide can be found at:
http://www.mnd.uscourts.gov/FORMS/Clerks_Office/Bill-of-Costs-Guide.pdf.  Although this guide is not itself legal authority, it is persuasive evidence of the law as it exists within the District of Minnesota regarding the billing of costs.

are plainly not allowed, and (2) Defendant offers no statutory authorization or other justification for claimed costs which are not clearly encompassed by § 1920. For instance, Defendant claims $1,401.20 for the process service of summons and subpoenas by private process servers. (See Bill of Costs; Spreadsheet Summarizing the Costs of Heimerl & Lammars ("Supp. Spreadsheet") [Doc. No. 228-1].) The costs of private process servers are not taxable. See Crues, 768 F.2d at 234; Bill of Costs Guide at 5. Defendant also claims over $10,000 in "other costs," which consist primarily of various travel costs incurred by Defendant's attorneys throughout the course of this litigation. (See Bill of Costs; Supp. Spreadsheet; see, e.g., Legal eXchange Invoice from Boyle Fredrickson SC ("Boyle Invoice") [Doc. No. 228-2] at 65, 74–75.[2]) However, attorney travel costs are not taxable under § 1920. Nelson, 2010 WL 153040 at *13; Veliz, 2009 WL 483854 at *2; see Fed. R. Civ. P. 54(d)(1) (discussing costs other than attorney's fees). Defendant provides no alternative statutory authority supporting the taxation of these costs. See Veliz, 2009 WL 483854 at *2 (requiring "some statutory authorization" for the taxation of costs outside § 1920). Defendant similarly claims costs for postage and other messenger/courier services, (see Supp. Spreadsheet; see, e.g., Boyle Invoice at 16, 85), which are not taxable under § 1920, see Nelson, 2010 WL 153040 at *13, but offers no independent statutory basis for claiming these costs, see Veliz, 2009 WL 483854 at *2.

    Beyond the specific examples discussed above, many of Defendant's other claimed costs suffer from similar problems. However, because Defendant may remedy some of

---

[2] The Court references the ECF page number of this document.

these problems and as the prevailing party is entitled to some costs, fairness and justice require that Defendant be afforded the opportunity to submit a new bill of costs.

**ORDER**

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Objections [Doc. No. 231] are **SUSTAINED IN PART AND DENIED IN PART**.

2. Defendant **shall**, within fourteen days of this Order, submit a new bill of costs. This new bill of costs shall conform with all applicable legal and technical requirements. Defendant will also provide any supplementary documentation and briefing necessary to support its claim to these costs.

3. Plaintiffs **may** file for a review of Defendant's new bill of costs in accordance with Federal Rule of Civil Procedure 54(d)(1).

Dated:  February 3, 2016   s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge